IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2206-F

| | | |
|---|---|---|
| MICHAEL EUGENE THRASH, Petitioner, | ) | |
| v. | ) | ORDER |
| GEORGE KENWORTHY, Respondent. | ) | |

Michael Eugene Thrash petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the undersigned for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. Petitioner presents one ground for relief from his conviction and sentence: that his right to be free from double jeopardy was violated as a result of his conviction.

Court records indicate that petitioner previously filed a petition seeking habeas relief pursuant to § 2254 in Thrash v. Kenworthy, No. 5:09-HC-2148-D (E.D.N.C. dismissed, Feb. 16, 2011).[1]

---

[1] In his prior habeas action, petitioner asserted the following claims:

> (1) the trial court denied his MAR in violation of due process because the judge who denied it had presided over Thrash's trial; (2) he was improperly sentenced as a habitual felon because one of the underlying convictions was a misdemeanor; (3) he was denied effective assistance of trial counsel because his counsel was given thirteen days to prepare for trial; and (4) he was denied effective assistance of appellate counsel because his trial counsel represented him on appeal and therefore his counsel had a conflict of interest.

Order (D.E. 16) at 2, 5:09-hc-2148-D (Feb. 16, 2011). Petitioner's first habeas petition was dismissed as untimely pursuant to the statute of limitations set out in 28 U.S.C. § 2244(d). Id. at 7.

Thus, this petition is second-in-number to the prior petition. Although it does not appear that petitioner presented the instant claim in his first petition, to the extent he did, § 2244(b)(1) requires that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." To the extent he did not present the instant claim in his prior petition, the statute also requires dismissal of a claim presented in a second or successive habeas corpus application that was not presented in a prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). However, even "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). Petitioner has not obtained such pre-filing authorization for this petition from the United States Court of Appeals for the Fourth Circuit. Absent the required pre-filing authorization from the court of appeals, a district court lacks jurisdiction over a habeas petition which is "second or successive" within the meaning of § 2244(b). United States v. Winestock, 340 F.3d 200, 205-06 (4th Cir. 2003).

Not all second-in-number habeas petitions are "second or successive" for purposes of requiring pre-filing authorization. See, e.g., Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its

merits and dismissed for failure to exhaust state remedies is not a second or successive petition."). However, courts have generally held that, where an earlier petition has been dismissed as time-barred, subsequent habeas applications are "second or successive" and are therefore subject to the pre-filing authorization requirement under § 2244(b)(3)(A). See, e.g., In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (holding that the "dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements" and collecting similar cases).

Petitioner has not received authorization to file this second or successive habeas action from the United States Court of Appeals for the Fourth Circuit. This court does not have jurisdiction to review the matters set forth in the petition until authorized to do so by the appellate court. Accordingly, the petition is DISMISSED without prejudice to allow petitioner to seek authorization to file this application. After filing his petition, petitioner submitted a letter to the court noticing his concern that he may have filed his petition in the wrong court and requesting that the court return the "original copy" of his petition and supporting documents if indeed he wrongly filed them in this court. However, the court is not permitted to return the original petition and supporting documents, as they are now part of the permanent judicial record of this case. Accordingly, petitioner's request, construed as a motion to return the documents [D.E. 2], is DENIED. The Clerk is DIRECTED to close this case.

SO ORDERED. This the 19th day of January, 2012.

James C. Fox

JAMES C. FOX
Senior United States District Judge